UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

CLERK'S OFFICE

JUN 0 6 2005

LUTHER D. THOMAS, Clerk

By: Deputy Clerk

| | |
|---|---|
| ESCOLASTICO DE LEON-GRANADOS, RENE VILLATORO-DE LEON MARGARITO RECINOS-VILLATORO, ISAÍAS PROFETA DE LEON-GRANADOS and ARMENIO PABLO-CALMO on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>ELLER AND SONS TREES, INC., and JERRY ELLER<br>        Defendants. | Case No. _____<br><br>**1 05-CV 1473**<br><br>**COMPLAINT - CLASS ACTION**<br><br>**F-CC** |

## PRELIMINARY STATEMENT

1.    This action is brought by migrant agricultural

workers who were admitted to the United States to work under the H-

2B temporary foreign worker visa program.  The Plaintiffs have been

employed in the forestry operations of the Defendants at various

times during the period from June 1999 through the filing of this

Complaint.  The Plaintiffs seek redress on behalf of themselves and

all others similarly situated for the Defendants' violations of

their rights under the Migrant and Seasonal Agricultural Worker



Protection Act, 29 U.S.C. §§ 1801-1871 (1999) ("AWPA") and the Fair
Labor Standards Act, 29 U.S.C. §§ 201-219 (1998) ("FLSA").

2. This action is brought on behalf of a class of over 1500
predominantly Guatemalan and Mexican migrant workers who planted
trees and performed other forestry-related activities for the
Defendants. The Plaintiffs and other class members are indigent
migrant workers who the Defendants brought to the United States on
temporary, H-2B work visas. The Plaintiffs and other class members
left their homes and families and spent considerable money and
effort to come to the United States to perform arduous jobs, which
the Defendants have certified that American workers were not
willing to do.

3. Almost all of the Plaintiffs and other class members are
non-English speakers who had little, if any, understanding of their
legal rights while working in the United States as H-2B forestry
workers - particularly their legal rights to receive a prevailing
hourly wage and overtime pay. The Defendants took full advantage
of the Plaintiffs' and other class members' indigence, inability to
speak or understand English, and their lack of understanding of the
laws of the United States to grossly underpay them.

4. The Plaintiffs and many other class members were required
by Defendants' agents to leave the deeds to their homes or land in

Guatemala with the defendants' agents in order to obtain employment with the Defendants. These Plaintiffs and other class members were thus particularly vulnerable to coercion and exploitation by the Defendants, as they believed they might lose their property if they failed to comply with the directives of the Defendants.

5. The Plaintiffs seek an award of unpaid wages, an award of money damages, declaratory relief, and injunctive relief to make them whole for damages they suffered due to the Defendants' violations of law and to ensure that they and other H-2B workers will not be subjected by the Defendants to such illegal conduct in the future.

## JURISDICTION

6. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, 29 U.S.C. § 1854(a), this action arising under the AWPA, and 29 U.S.C. § 216(b), this action arising under the FLSA.

7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8. Venue is proper in this district pursuant to 28 U.S.C.

§ 1391(b) and (c) and 29 U.S.C. § 1854(a).

## PARTIES

9.     At all times relevant to this action, Plaintiffs
and the other class members were H-2B temporary foreign workers
within the meaning of 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

10.    At all times relevant to this action, the Plaintiffs and
the other class members were migrant agricultural workers within
the meaning of 29 U.S.C. § 1802(8)(A), in that they were employed
in agricultural employment of a seasonal nature and were required
to be absent overnight from their permanent places of residence.

11.    Substantial agricultural work was performed by the
Plaintiffs and other class members for the Defendants in this state
and within this District.

12.    At all times relevant to this action, the Plaintiffs and
the other class members were engaged in agricultural employment for
the Defendants within the meaning of 29 U.S.C. § 1802(3).

13.    At all times relevant to this action the
Plaintiffs and the other class members were employees of the
Defendants within the meaning of 29 U.S.C. § 203(e)(1).

14.    At all times relevant to this action, the
Plaintiffs and the other class members were employed by the
Defendants within the meaning of 29 U.S.C. §203(g).

15. At all times relevant to this action, the Plaintiffs and the other class members were employed by the Defendants in an enterprise engaged in commerce or the production of goods for commerce.

16. Defendant Eller and Sons Trees, Inc. is a Georgia corporation which conducts business in this District.

17. At all times relevant to this action Defendant Eller and Sons Trees, Inc. was an agricultural employer within the meaning of 29 U.S.C. § 1802(2).

18. At all times relevant to this action, Defendant Eller and Sons Trees, Inc. employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

19. Defendant Jerry Eller is an individual resident of Montana who conducted significant business in this District. Defendant Jerry Eller had significant contacts with the state of Georgia and this District such that jurisdiction and venue are proper in this Court.

20. At all times relevant to this action, Defendant Jerry Eller employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

## STATEMENT OF FACTS

21. The Defendants operate a tree-planting service, in which they bid on and negotiate contracts to plant trees on land owned by other individuals and companies. To fill the manpower requirements of their contracts, the Defendants sought importation of foreign nationals to perform forestry work on a seasonal or temporary basis, in accordance with the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

22. The Plaintiffs and the other members of the class were admitted to the United States to be employed as members of labor crews organized by the Defendants. Each of the Plaintiffs and the other class members was issued a temporary visa, commonly referred to as an "H-2B visa," as authorized by 8 U.S.C. § 1101(a)(15)(H)(ii)(b), its attendant regulations, 8 C.F.R. § 214.2(h)(6), 20 C.F.R. § 655.3, and administrative letters and/or guidance. After being admitted to enter the United States, the Plaintiffs and the other class members were then employed by the Defendants in the United States.

23. The Plaintiffs and other class members spent considerable sums of money to process their H-2B work visas and travel from their home villages to the United States. These costs were incurred by the Plaintiffs and other class members for the primary

benefit of their Defendant employers.

24. In addition, as a condition of being hired, the Plaintiffs and many other class members were required to leave collateral, in the form of the deed to their land, with the Defendants' agents in Guatemala. The Plaintiffs and other class members were required to leave this deed with Defendants' agents so that the Defendants could be assured that the workers would remain under the control of and in the employ of the Defendants. The requirement that plaintiffs leave their deeds had an extremely coercive effect upon the plaintiffs and other class members. The Defendants have not returned these documents to Plaintiffs Escolastico De Leon-Granados, Margarito Recinos-Villatoro, Isaías Profeta De Leon-Granados and Armenio Pablo-Calmo, nor to many other class members.

25. The Defendants' actions as described in paragraph 24 constituted forced labor and/or trafficking into servitude as defined by the Trafficking Victims Protection Reauthorization Act, contravening the policies and purposes of that Act. Those actions were also violative of the AWPA working arrangement between the parties, which incorporates applicable law.

26. As a condition of obtaining H-2B visas for the Plaintiffs and the other class members, the Defendants certified to the United States Department of Labor that, inter alia, the wages

paid the Plaintiffs and other class members would equal or exceed the applicable prevailing wage, and that the job would not contravene Federal, State, or local law, including applicable requirements of the H-2B program, as set out in Department of Labor regulations and administrative interpretations.

27. The Defendants did not timely provide adequate disclosures of information regarding the work and its details to the Plaintiffs. When the Defendants did provide information to the Plaintiffs regarding work hours and manner of compensation, the information provided was false and misleading.

28. The Defendants did not issue accurate and complete records regarding the employment of the Plaintiffs and other class members. The records the Defendants kept of the Plaintiffs' work were inadequate, inaccurate, false and misleading.

29. The Plaintiffs and other class members performed arduous tree planting and associated work for the Defendants in Georgia and other states. They regularly worked far in excess of 40 hours in a given workweek.

30. The Defendants failed to pay the Plaintiffs and the other members of the class the minimum wage for all the work they performed.

31. The Defendants failed to pay the Plaintiffs and the other

members of the class the proper prevailing wage for all the work
they performed.

32. The Defendants failed to pay the Plaintiffs and the other
members of the class overtime wages for all work they performed in
excess of forty (40) hours in a given workweek.

## CLASS ACTION ALLEGATIONS

33. All claims set forth in Count I are brought by the
Plaintiffs on behalf of themselves and all other similarly situated
persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil
Procedure.

34. The named Plaintiffs seek to represent a class
consisting of all those individuals admitted as H-2B temporary
foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who
were employed by the Defendants in any capacity from June 1999
until the date of filing of the present action.

35. The precise number of individuals in the class is known
only to the Defendants. The class is believed to include well over
1500 individuals. The class is comprised principally of indigent
migrant farmworkers who maintain their residences in locations
throughout Guatemala and Mexico. The class members are not fluent
in the English language. Indeed, many of the class members speak
indigenous Mayan languages as their primary language, and speak

Spanish as a second language, with varying degrees of proficiency. The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the maintenance of separate actions by each class member economically infeasible. Joinder of all class members is impracticable.

36. There are questions of fact and law common to the class. These common questions include whether the Defendants failed to pay the named Plaintiffs and other class members prevailing and overtime wages promptly when due, as required by law and their employment contracts; whether the Defendants failed to provide the Plaintiffs and members of the class the required disclosures; whether Defendants failed to maintain complete and accurate records regarding the Plaintiffs' and the class members' work; whether the Defendants failed to provide the Plaintiffs and the class members with complete and accurate wage statements; whether the failure of the Defendants to pay the Plaintiffs and the class members the prevailing wage and overtime pay as required by the H-2B temporary foreign labor program violated the AWPA's wage payment and working arrangement provisions; whether the Defendants' requirements that the Plaintiffs and some of the class members leave the deed to their land violated the AWPA; and whether the Defendants' failure

to maintain complete and accurate records regarding the work of the
Plaintiffs and the class members, and Defendants' failure to
provide the named Plaintiffs and the class members with complete
and accurate wage statements, were violations of the AWPA.

37. The claims of the named Plaintiffs are typical of the
class, and these typical, common claims predominate over any
questions affecting only individual class members. The named
Plaintiffs have the same interests as do the other members of the
class and will vigorously prosecute these interests on behalf of
the class.

38. Counsel for the Plaintiffs have handled numerous AWPA and
FLSA actions in the federal courts. They are prepared to advance
litigation costs necessary to vigorously litigate this action.

39. A class action under Rule 23(b)(3) is superior to other
available methods of adjudicating this controversy because, inter
alia:

- The common issues of law and fact, as well as the
  relatively small size of the individual class members'
  claims, substantially diminish the interest of members
  of the class in individually controlling the
  prosecution of separate actions;

- Many members of the class are unaware of their rights

to prosecute these claims and lack the means or
resources to secure legal assistance;

- There has been no litigation already commenced against
  the Defendants by the members of the class to
  determine the questions presented;

- It is desirable that the claims be heard in this forum
  since the Defendants have significant contacts with
  this District; and

- A class action can be managed without undue difficulty
  since the Defendants have regularly committed the
  violations complained of herein, and are required to
  maintain detailed records concerning each member of
  the class.

## COUNT I

### (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

### (CLASS ACTION)

40. This count sets forth a claim by the Plaintiffs and the
other members of the class for money damages, declaratory relief
and injunctive relief, with respect to the Defendants' violations
of the Migrant and Seasonal Agricultural Worker Protection Act
("AWPA").

41.  The Plaintiffs reallege and incorporate by reference

the allegations set forth in paragraphs 1 through 39 above.

42. The certifications described in paragraph 26 above constituted a working arrangement between the Defendants and the Plaintiffs and other class members within the meaning of the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

43. The Defendants failed to pay the Plaintiffs and the other members of the class the proper prevailing wage for all the work they performed, and failed to pay the Plaintiffs and the other members of the class overtime wages for all compensable time they were employed in excess of forty (40) hours in a given workweek.

44. The violation of the AWPA as set out in paragraph 43 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and the other class members so as to raise their individual pay period wages to a rate equal to or exceeding the prevailing and overtime wage.

45. The violation of the AWPA as set out in paragraph 43 resulted in part from the Defendants' failure to reimburse the Plaintiffs and the other members of the class for expenses they incurred which were primarily for the benefit of the Defendants, as well as the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and the other class members.

46. By their actions as described in paragraphs 43, 44, and 45, the Defendants violated without justification their working arrangement with the Plaintiffs and the other members of the class, thereby violating the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

47. By their actions as described in paragraphs 43, 44 and 45, the Defendants failed to pay the Plaintiffs and other members of the class their wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

48. By their actions as described in paragraphs 23, 24 and 25 above, the Defendants violated without justification their working arrangement with the Plaintiffs and the other members of the class, thereby violating the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

49. The Defendants did not timely provide the Plaintiffs and other class members with a written disclosure providing required information regarding their employment in the language in which the Plaintiffs and other class members are fluent, in violation of the AWPA, 29 U.S.C. § 1821(a), and its attendant regulations, 29 U.S.C. §1821(g) and 29 C.F.R. § 500.78.

50. The Defendants knowingly provided false and misleading information to the Plaintiffs and other class members, regarding the terms and conditions of their employment, in violation of the AWPA 29 U.S.C. § 1821(f); 29 C.F.R. § 500.77.

51. The Defendants failed to make, keep, and preserve accurate and complete records regarding the Plaintiffs' and the other class members' employment, in violation of the AWPA, 29 U.S.C. § 1821(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a).

52. The Defendants failed to provide the Plaintiffs and the other class members complete and accurate itemized written statements for each pay period containing the required information, in violation of the AWPA, 29 U.S.C. § 1821(d)(2), and its attendant regulations, 29 C.F.R. § 500.80(d).

53. The requirement that Plaintiffs and other class members sign over collateral in order to obtain employment with the Defendants was an agreement that purported to waive or modify the Plaintiffs' rights under the AWPA, in violation of 29 U.S.C. § 1856.

54. The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of the Defendants and were

intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

55. As a result of the Defendants' violations of the AWPA and its attendant regulations as set forth in this count, the Plaintiffs and the other members of the class have suffered damages.

## COUNT II

### (FAIR LABOR STANDARDS ACT)

### (COLLECTIVE ACTION)

56. This count sets forth a claim for declaratory relief and damages for the Defendants' violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). This count is brought by the Plaintiffs on behalf of themselves and other current or former H-2B temporary foreign workers employed by the Defendants who are similarly situated.

57. The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 55 above.

58. Pursuant to 29 U.S.C. § 216(b), Plaintiffs Escolastico De Leon-Granados, Rene Villatoro-De Leon, Margarito Recinos-Villatoro, Isaías Profeta De Leon-Granados and Armenio Pablo-Calmo have consented in writing to be party plaintiffs in this FLSA action. Their written consents are attached to this complaint.

59. The Defendants violated 29 U.S.C. § 206(a) by failing to

-16-

pay each of the Plaintiffs and others similarly situated the applicable minimum wage for every compensable hour of labor they performed.

60. The Defendants violated 29 U.S.C. § 207(a) by failing to pay the Plaintiffs and others similarly situated at an hourly rate equal to one and a half times their regular rate of pay for all compensable time they were employed in excess of forty (40) hours in each workweek.

61. The violations of the FLSA set out in paragraphs 60 and 61 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and others similarly situated so as to raise their individual wages each workweek to a rate equal to or exceeding the minimum and overtime wage.

62. The violations of the FLSA set out in paragraphs 60 and 61 resulted, in part, from the Defendants' failure to reimburse the Plaintiffs and others similarly situated for expenses they incurred which were primarily for the benefit of the Defendants.

63. The violations of the FLSA set out in paragraphs 60 and 61 resulted, in part, from the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and others similarly situated.

64. The Defendants' failures to pay the Plaintiffs and

others similarly situated their federally mandated minimum wages, and their federally mandated overtime wages for all time they were employed in excess of forty (40) hours in a workweek, were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. As a consequence of the Defendants' violation of the FLSA, the Plaintiffs and others similarly situated are entitled to recover their unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

1. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

2. With respect to the claims set forth in Count II, permitting this case to proceed as a collective action;

3. Declaring that the Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations, as set forth in Count I;

4. Declaring that the Defendants willfully violated the minimum wage and overtime provisions of the Fair Labor

Standards Act, as set forth in Count II;

5. Granting judgment in favor of the Plaintiffs and the other class members and against the Defendants, jointly and severally, on these Plaintiffs' and other class members' claims under the AWPA as set forth in Count I and awarding each of the Plaintiffs and the other class members actual or statutory damages for each violation of the AWPA, whichever is greater;

6. Declaring the agreement that Plaintiffs and other class members leave collateral in order to obtain employment with the Defendants void under the AWPA and issuing a remedial injunction requiring the return of that collateral;

7. Permanently enjoining the Defendants from further violations of the AWPA and its attendant regulations;

8. Granting judgment in favor of the Plaintiffs and all others similarly situated and against the Defendants, jointly and severally, on their claims under the Fair Labor Standards Act as set forth in Count II and awarding each of these Plaintiffs and all other similarly situated individuals who opt-in to this action his unpaid minimum and overtime wages and an equal amount in liquidated damages;

9. Awarding the Plaintiffs the costs of this action;

10. Awarding the Plaintiffs reasonable attorneys'

fees with respect to their Fair Labor Standards Act claims; and

    11.   Granting such further relief as is just and equitable.


Respectfully submitted this ⅃ day of June, 2005

Brian Spears
State Bar of Georgia No. 670112
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306
404-872-7086
e-mail: bspears@mindspring.com


Mary C. Bauer
Virginia Bar Number 31388
*Pro Hac Vice* Motion Pending
e-mail: mbauer@splcenter.org
Kelley M. Bruner
Alabama Bar Number ASB-8115-K74B
*Pro Hac Vice* Motion Pending
e-mail: kbruner@splcenter.org
Andrew Turner
Virginia Bar Number 48853
*Pro Hac Vice* Motion Pending
e-mail: aturner@splcenter.org
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama   36104
334-956-8200
334-956-8481 (fax)

-20-

Tim A. Freilich
Virginia Bar Number 44077
*Pro Hac Vice* Motion Pending
e-mail: tim@justice4all.org
James M. Knoepp
Virginia Bar Number 46327
*Pro Hac Vice* Motion Pending
e-mail: jim@justice4all.org
Virginia Justice Center for Farm and Immigrant Workers
6066 Leesburg Pike, Suite 520
Falls Church, VA   22041
703-778-3450
703-778-3454 (fax)


Alex R. Gulotta
Virginia Bar Number 37097
*Pro Hac Vice* Motion Pending
Legal Aid Justice Center
1000 Preston Avenue, Suite A
Charlottesville, VA   22903
434-977-0553
434-977-0558 (fax)
e-mail: alex@justice4all.org

Attorneys for Plaintiffs

# FLSA CONSENT FORM / CONSENTIMIENTO PARA ACCION FLSA

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims.

_Escolastico de Leon Granado_
NAME

_Escolastico DeLeon_
SIGNATURE

_4/11/05_
DATE

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Por este medio doy mi consentimiento para que se haga demanda para pagos que se me deben bajo la Ley de Normas Laborales Justas. Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos reclamos.

_Escolastico de Leon. Granados_
NOMBRE

_Escolastico DeLeon Granados_
FIRMA

_4/19/05_
FECHA

## FLSA CONSENT FORM / CONSENTIMIENTO PARA ACCION FLSA

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act for work that I performed for _the Company Eller's Sons and Jerry Eller_ during the years of _1993- Present_ in _Pine planting_.

I hereby authorize my attorneys to represent me before any court or agency on these claims.

NAME

SIGNATURE

DATE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Por este medio doy mi consentimiento para que se haga demanda para pagos que se me deben la Ley de Normas Laborales Justas por el trabajo que desempeñé para _la Compañía Eller's Sons y Jerry Eller_ durante los años de _1993 - Present_ en _planta ción de piños._

Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos reclamos.

_René Villatoro de León_
NOMBRE

FIRMA

_5-8-05_
FECHA

## FLSA CONSENT FORM / CONSENTIMIENTO PARA ACCION FLSA

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor

Standards Act for work that I performed for _Eller & Sons Trees_

_Inc. / Jerry Eller_

during the years of _1999 - 2005_ in _various states_.

I hereby authorize my attorneys to represent me before any court or agency on these

claims.

_Margarito Recinos Villatoro_
NAME

_____
SIGNATURE
_3/3/05_
DATE

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

Por este medio doy mi consentimiento para que se haga demanda para pagos que se me

deben la Ley de Normas Laborales Justas por el trabajo que desempeñé para

_____

durante los años de _1999 - 2005_ en _varios estados_

_Eller + Sons Trees Inc. / Jerry Eller_.

Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos

reclamos.

_Margarito Recinos Villatoro_
NOMBRE
★ _Margarito Recinos V._
FIRMA
_3/3/05_
FECHA

**FLSA CONSENT FORM / CONSENTIMIENTO PARA ACCION FLSA**

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act for work that I performed for _The Company Eller's Sons and Its associates_

during the years of _1998 - 2005_ in _Pine planting & related activities_.

I hereby authorize my attorneys to represent me before any court or agency on these claims.

Isaias Profeta De Leon Granados
NAME

SIGNATURE
8 - 12 - 05
DATE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Por este medio doy mi consentimiento para que se haga demanda para pagos que se me deben la Ley de Normas Laborales Justas por el trabajo que desempeñé para

_La Compañia Eller's Sons_ ~~~~ _y Sus Socios_

durante los años de _1998 - 2005_ en _plandacion de pinos y actividades relacionadas_.

Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos reclamos.

Isaias Profeta De Leon Granados
NOMBRE
Isaia Profeta D. G.
FIRMA
12    3: 2005
FECHA

# FLSA CONSENT FORM/CONSENTIMIENTO PARA ACCION FLSA

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act for work that I performed for _Eller & Sons, Jerry Eller_

during the years of _1999 – 2005_ in _Pine Work_ .

I hereby authorize my attorneys to represent me before any court or agency on these claims.

NAME

SIGNATURE

ADDRESS

DATE

*********************************************************************************

Por este medio doy mi consentimiento para que se haga demanda para pagos que se me deban la Ley de Normas Laborales Justas por el trabajo que desempeñé para
_Eller & Sons, Jerry Eller_

durante los años de _1999 – 2005_ en _los Piños_ .

Autorizo que mis abogados me representen ante cualquier corte o agencia tocante estos reclamos.

_Armenio Pablo Calmo_
NOMBRE
_Armenio Pablo Calmo_
FIRMA

DIRECCION
_12·2·05_
FECHA