UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ESCOLASTICO DE LEON-GRANADOS, | * | |
| RENE VILLATORO-DE LEON, | * | |
| MARGARITO RECINOS-VILLATORO, | * | |
| ISAIAS PROFETA DE LEON-GRANDADOS | * | |
| and ARMENIO PABLO-CALMO | * | |
| on behalf of themselves and all others | * | |
| similarly situated, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO.: 1 05-CV-1473 |
| | * | |
| ELLER AND SONS TREES, INC. and | * | JURY DEMAND |
| JERRY ELLER | * | |
| | * | |
| Defendants. | * | |

## ANSWER

COME NOW Defendants Eller and Sons Trees, Inc. and Jerry Eller (Defendants), by and through undersigned counsel, and files an answer in this matter as follows:

## RESPONSE TO PLAINTIFFS' ALLEGATIONS

Defendants specifically answer the paragraphs of Plaintiff's Complaint as follows:

1.

Defendants admit that this purports to be a putative class action for alleged violation of the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C.

1801 <u>et</u> <u>seq</u>. ("AWPA"), and the Fair Labor Standards Act, 29 U.S.C. 201 <u>et</u> <u>seq</u>. ("FLSA"), but deny that the claims have any merit whatsoever.  All other allegations are denied.

2.

Defendants deny that this action is brought on behalf of a class of over 1500 workers.  Defendants admit that Plaintiffs entered the United States under an H-2B visa.  Defendants are without knowledge as to the remaining allegations and therefore deny such allegations.

3.

Defendants deny paragraph 3 of the Complaint.

4.

Defendants deny paragraph 4 of the Complaint.

5.

Defendants admit that Plaintiffs are seeking relief but deny that Plaintiffs are entitled to any such relief.

6.

Defendants admit paragraph 6 of the Complaint.

7.

Defendants admit that federal courts have the right to issue declaratory

judgment; however, Defendants deny that Plaintiffs have met the requirements to obtain a declaratory judgment.

8.

Defendants admit paragraph 8 of the Complaint.

9.

Defendants admit that Plaintiffs were H-2B temporary foreign workers and deny the remaining allegations of paragraph 9 of the Complaint.

10.

Defendants deny paragraph 10 of the Complaint.

11.

Defendants deny paragraph 11 of the Complaint.

12.

Defendants deny paragraph 12 of the Complaint.

13.

Defendants deny paragraph 13 of the Complaint.

14.

Defendants deny paragraph 14 of the Complaint.

15.

Defendants deny paragraph 15 of the Complaint.

16.

Defendants admit paragraph 16 of the Complaint.

17.

Defendants deny paragraph 17 of the Complaint.

18.

Defendants deny paragraph 18 of the Complaint.

19.

Defendants admit paragraph 19 of the Complaint.

20.

Defendants deny paragraph 20 of the Complaint.

21.

Defendants deny paragraph 21 of the Complaint.

22.

Defendants deny paragraph 22 of the Complaint except they admit that Plaintiffs were issued H-2B visas.

23.

Defendants deny paragraph 23 of the Complaint.

24.

Defendants deny paragraph 24 of the Complaint.

25.

Defendants deny paragraph 25 of the Complaint.

26.

Defendants deny paragraph 26 of the Complaint.

27.

Defendants deny paragraph 27 of the Complaint.

28.

Defendants deny paragraph 28 of the Complaint.

29.

Defendants deny paragraph 29 of the Complaint.

30.

Defendants deny paragraph 30 of the Complaint.

31.

Defendants deny paragraph 31 of the Complaint.

32.

Defendants deny paragraph 32 of the Complaint.

33.

Defendants admit that Plaintiffs purported to bring this action pursuant to Rule

23(b)(3) of the Federal Rules of Civil Procedure but deny that they are entitled to do

so.

34.

Defendants admit that Plaintiffs seek to represent a class but deny that they are entitled to do so.

35.

Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 35 and therefore deny the allegations.

36.

Defendants deny paragraph 36 of the Complaint.

37.

Defendants deny paragraph 37 of the Complaint.

38.

Defendants are without sufficient knowledge to admit or deny the allegations of paragraph 38 and therefore deny the allegations.

39.

Defendants deny paragraph 39 of the Complaint.

40.

Defendants admit that Plaintiffs seek the specified relief under AWPA but Defendants deny that Plaintiffs are entitled to such relief.

41.

Defendants reallege and incorporate by reference paragraphs 1-40 of the Answer.

42.

Defendants deny paragraph 42 of the Complaint.

43.

Defendants deny paragraph 43 of the Complaint.

44.

Defendants deny paragraph 44 of the Complaint.

45.

Defendants deny paragraph 45 of the Complaint.

46.

Defendants deny paragraph 46 of the Complaint.

47.

Defendants deny paragraph 47 of the Complaint.

48.

Defendants deny paragraph 48 of the Complaint.

49.

Defendants deny paragraph 49 of the Complaint.

50.

Defendants deny paragraph 50 of the Complaint.

51.

Defendants deny paragraph 51 of the Complaint.

52.

Defendants deny paragraph 52 of the Complaint.

53.

Defendants deny paragraph 53 of the Complaint.

54.

Defendants deny paragraph 54 of the Complaint.

55.

Defendants deny paragraph 55 of the Complaint.

56.

Defendants admit that Plaintiffs purported to seek relief pursuant to the Fair

Labor Standards Act but assert that they are not entitled to any relief.

57.

Defendants reallege and incorporate paragraphs 1 - 56 of the Answer.

58.

Defendants admit paragraph 58 of the Complaint.

59.

Defendants deny paragraph 59 of the Complaint.

60.

Defendants deny paragraph 60 of the Complaint.

61.

Defendants deny paragraph 61 of the Complaint.

62.

Defendants deny paragraph 62 of the Complaint.

63.

Defendants deny paragraph 63 of the Complaint.

64.

Defendants deny paragraph 64 of the Complaint.

65.

Defendants deny paragraph 65 of the Complaint.

66.

To the extent a response is required to the Prayer for Relief, it is denied.

## **GENERAL DENIAL**

All allegations not specifically admitted are hereby denied.

## FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some of the claims sought by Plaintiffs are barred by the statute of limitations.

## THIRD DEFENSE

Class certification is inappropriate according to Fed. R. Civ. P. 23.

## FOURTH DEFENSE

Plaintiffs were agricultural workers exempt from the overtime provisions of the FLSA.

## FIFTH DEFENSE

Defendants at all times believed in good faith that they were in full compliance with the law, and therefore their alleged violations of the FLSA are not willful as that term is used in 29 U.S.C. §255(a).

## SIXTH DEFENSE

The workers employed by Defendants were not "agricultural" workers as that term is defined in the AWPA.

## SEVENTH DEFENSE

Some or all of Plaintiffs are exempt from overtime pursuant to 13(b)(1) of the FLSA.

## EIGHTH DEFENSE

Defendants' acts or omissions were taken in good faith  and with reasonable grounds that such acts or omissions were in compliance with the FLSA.

## NINTH DEFENSE

The maintenance of a class action under AWPA is inconsistent with a collective action under the FLSA.

## TENTH DEFENSE

Those expenses incurred by Plaintiffs prior to their employment is not recoverable under AWPA or FLSA.

## ELEVENTH DEFENSE

Some of the purported hours worked by Plaintiffs are specifically excluded from compensable time by the Portal to Portal Act, 29 U.S.C. §§251 et al.

## TWELFTH DEFENSE

Defendants' actions were taken in good faith in conformity with and in reliance on written administrative regulation, order, ruling, approval and/or interpretation of the U.S. Department of Labor and/or with the administrative practice or enforcement policy of the U.S. Department of Labor with respect to the class of employers to which Defendants belong.

## <u>JURY DEMAND</u>

Defendants hereby demand a jury on all issues triable to a jury.

WHEREFORE, Defendants request that this case be dismissed with prejudice and that this Court award them attorney fees, costs and such other relief as this Court deems just.

Respectfully submitted this 28th day of June, 2005.


|  |  |
|---|---|
|  | s/ J. Larry Stine |
| Wimberly, Lawson, Steckel, | J. Larry Stine, Esq. |
| & Schneider, P.C. | Ga. Bar No. 682555 |
| 3400 Peachtree Rd. NE Ste. 400 | Elizabeth K. Dorminey, Esq. |
| Atlanta, Georgia 30326 | Ga. Bar No. 225935 |
| (404) 365-0900 | *Attorneys for Defendants* |
| jls@wimlaw.com |  |
| bdorminy@bellsouth.net |  |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ESCOLASTICO DE LEON-GRANADOS, | * | |
| RENE VILLATORO-DE LEON, | * | |
| MARGARITO RECINOS-VILLATORO, | * | |
| ISAIAS PROFETA DE LEON-GRANDADOS | * | |
| and ARMENIO PABLO-CALMO | * | |
| on behalf of themselves and all others | * | |
| similarly situated, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO.: 1 05-CV-1473 |
| | * | |
| ELLER AND SONS TREES, INC. and | * | JURY DEMAND |
| JERRY ELLER | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

_____I hereby certify that I have this date electronically filed the foregoing *Answer*

with the Clerk of Court using the CM/ECF system which will automatically send

email notification of such filing to the following attorneys of record:

Brian Spears
1126 Ponce De Leon Avenue
Atlanta, Georgia 30306
(404)872-7086
email: bspears@mindspring.com

Mary C. Bauer
Kelley M. Bruner
Andrew Turner

-13-

Immigrant Justice Project
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104
emails: mbauer@splcenter.org
kbruner@splcenter.org
aturner@splcenter.org

This 28th day of June, 2005.

Wimberly, Lawson, Steckel,
& Schneider, P.C.
3400 Peachtree Rd. NE Ste. 400
Atlanta, Georgia 30326
(404) 365-0900
jls@wimlaw.com
bdorminy@bellsouth.net

s/J. Larry Stine
J. Larry Stine, Esq.
Ga. Bar No. 682555
Elizabeth K. Dorminey, Esq.
Ga. Bar No. 225935
*Attorneys for Defendants*