UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| ESCOLASTICO DE LEON-GRANADOS, ISAÍAS PROFETA DE LEON-GRANADOS and ARMENIO PABLO-CALMO on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | Case No. 1:05-cv-1473 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **COMPLAINT – CLASS ACTION** |
| ELLER AND SONS TREES, INC., and JERRY ELLER | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

1.      This action is brought by migrant agricultural workers who were

admitted to the United States to work under the H-2B temporary foreign worker visa

program.  The Plaintiffs have been employed in the forestry operations of the

Defendants at various times during the period from June 1999 through the filing of

this Complaint.  The Plaintiffs seek redress on behalf of themselves and all others

similarly situated for the Defendants' violations of their rights under the Migrant and

Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1871 (1999)

("AWPA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (1998)

("FLSA").

2.      This action is brought on behalf of a class of over 1500

predominantly Guatemalan, Mexican and Honduran migrant workers who planted

trees and performed other forestry-related activities for the Defendants. The Plaintiffs

and other class members are indigent migrant workers who the Defendants brought to

the United States on temporary, H-2B work visas. The Plaintiffs and other class

members left their homes and families and spent considerable money and effort to

come to the United States to perform arduous jobs, which the Defendants have

certified that American workers were not willing to do.

3.      Almost all of the Plaintiffs and other class members are non-English

speakers who had little, if any, understanding of their legal rights while working in the

United States as H-2B forestry workers - particularly their legal rights to receive a

prevailing hourly wage and overtime pay. The Defendants took full advantage of the

Plaintiffs' and other class members' indigence, inability to speak or understand

English, and their lack of understanding of the laws of the United States to grossly

underpay them.

4.     The Plaintiffs and many other class members were required by Defendants' agents to leave the deeds to their homes or land in Guatemala with the defendants' agents in order to obtain employment with the Defendants.   These Plaintiffs and other class members were thus particularly vulnerable to coercion and exploitation by the Defendants, as they believed they might lose their property if they failed to comply with the directives of the Defendants.

5.     The Plaintiffs seek an award of unpaid wages, an award of money damages, declaratory relief, and injunctive relief to make them whole for damages they suffered due to the Defendants' violations of law and to ensure that they and other H-2B workers will not be subjected by the Defendants to such illegal conduct in the future.

## JURISDICTION

6.     Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, 29 U.S.C. § 1854(a), this action arising under the AWPA, and 29 U.S.C. § 216(b), this action arising under the FLSA.

7.   The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c)

and 29 U.S.C. § 1854(a).

## PARTIES

9.     At all times relevant to this action, Plaintiffs and the other class members were H-2B temporary foreign workers within the meaning of 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

10.  At all times relevant to this action, the Plaintiffs and the other class members were migrant agricultural workers within the meaning of 29 U.S.C. § 1802(8)(A), in that they were employed in agricultural employment of a seasonal nature and were required to be absent overnight from their permanent places of residence.

11.  Substantial agricultural work was performed by the Plaintiffs and other class members for the Defendants in this state and within this District.

12.  At all times relevant to this action, the Plaintiffs and the other class members were engaged in agricultural employment for the Defendants within the meaning of 29 U.S.C. § 1802(3).

13.   At all times relevant to this action the Plaintiffs and the other class members were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

14.  At all times relevant to this action, the Plaintiffs and the other class members were employed by the Defendants within the meaning of 29 U.S.C. §203(g).

15.   At all times relevant to this action, the Plaintiffs and the other class members were employed by the Defendants in an enterprise engaged in commerce or the production of goods for commerce.

16.   Defendant Eller and Sons Trees, Inc. is a Georgia corporation which conducts business in this District.

17.   At all times relevant to this action Defendant Eller and Sons Trees, Inc. was an agricultural employer within the meaning of 29 U.S.C. § 1802(2).

18.   At all times relevant to this action, Defendant Eller and Sons Trees, Inc. employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

19.   Defendant Jerry Eller is an individual resident of Montana who conducted significant business in this District.  Defendant Jerry Eller had significant contacts with the state of Georgia and this District such that jurisdiction and venue are proper in this Court.

20.   At all times relevant to this action, Defendant Jerry Eller employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

## STATEMENT OF FACTS

21.    The Defendants operate a tree-planting service, in which they bid on and negotiate contracts to plant trees on land owned by other individuals and companies. To fill the manpower requirements of their contracts, the Defendants sought importation of foreign nationals to perform forestry work on a seasonal or temporary basis, in accordance with the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

22.  The Plaintiffs and the other members of the class were admitted to the United States to be employed as members of labor crews organized by the Defendants. Each of the Plaintiffs and the other class members was issued a temporary visa, commonly referred to as an "H-2B visa," as authorized by 8 U.S.C. § 1101(a)(15)(H)(ii)(b), its attendant regulations, 8 C.F.R. § 214.2(h)(6), 20 C.F.R. § 655.3, and administrative letters and/or guidance. The Plaintiffs and the other class members were admitted to the United States and were employed by the Defendants.

23.    The Plaintiffs and other class members spent considerable sums of money to process their H-2B work visas and travel from their home villages to the United States. These costs were incurred by the Plaintiffs and other class members for the primary benefit of their Defendant employers.

24.  In addition, as a condition of being hired, the Plaintiffs and many other class members were required to leave collateral, in the form of the deed to their land,

-6-

with the Defendants' agents in Guatemala. The Plaintiffs and other class members were required to leave this deed with Defendants' agents so that the Defendants could be assured that the workers would remain under the control of and in the employ of the Defendants. The requirement that Plaintiffs leave their deeds had an extremely coercive effect upon the Plaintiffs and other class members. The Defendants have not returned these documents to Plaintiff Armenio Pablo-Calmo, nor to many other class members.

25. The Defendants' actions as described in paragraph 24 constituted forced labor and/or trafficking into servitude as defined by the Trafficking Victims Protection Reauthorization Act, contravening the policies and purposes of that Act. Those actions were also violative of the AWPA working arrangement between the parties, which incorporates applicable law.

26. As a condition of obtaining H-2B visas for the Plaintiffs and the other class members, the Defendants certified to the United States Department of Labor that, inter alia, the wages paid the Plaintiffs and other class members would equal or exceed the applicable prevailing wage, that the jobs offered would be full-time jobs of 40 hours per week, and that the job would not contravene Federal, State, or local law, including applicable requirements of the H-2B program, as set out in Department of Labor regulations and administrative interpretations.

-7-

27.     When the Defendants provided information to the Plaintiffs regarding work hours and manner of compensation, the information provided was false and misleading.

28.     The Defendants did not issue accurate and complete records regarding the employment of the Plaintiffs and other class members.  The records the Defendants kept of the Plaintiffs' work were inadequate, inaccurate, false and misleading.

29.  The Plaintiffs and other class members performed arduous tree planting and associated forestry work for the Defendants in Georgia and other states.  They regularly worked far in excess of 40 hours in a given workweek.

30.  The Defendants failed to pay the Plaintiffs and the other members of the class the minimum wage for all the work they performed.

31.     The Defendants failed to pay the Plaintiffs and the other members of the class the proper prevailing wage for all the work they performed.

32.     The Defendants failed to pay the Plaintiffs and the other members of the class overtime wages for all work they performed in excess of forty (40) hours in a given workweek.

## CLASS ACTION ALLEGATIONS

33.  All claims set forth in Count I are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the

- 8 -

Federal Rules of Civil Procedure.

34.    The named Plaintiffs seek to represent a class consisting of all those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed in the Defendants' forestry operations from June 1999 until the present.

35.    Plaintiff Armenio Pablo-Calmo seeks to represent a subclass consisting of all those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed in the Defendants' forestry operations from January 1, 2003 until the present, who pledged  collateral with the Defendants' agents in order to obtain employment with the Defendants.

36.    The precise number of individuals in the class is known only to the Defendants.  The class is believed to include well over 2000 individuals. The class is comprised principally of indigent migrant farmworkers who maintain their residences in locations throughout Guatemala, Mexico and Honduras.  The class members are not fluent in the English language.  Indeed, many of the class members speak indigenous Mayan languages as their primary language, and speak Spanish as a second language, with varying degrees of proficiency. The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the maintenance of separate actions by each class member

economically infeasible.  Joinder of all class members is impracticable.

37.  There are questions of fact and law common to the class.  These common questions include whether the Defendants failed to pay the named Plaintiffs and other class members prevailing and overtime wages promptly when due, as required by law and their employment contracts; whether Defendants failed to maintain complete and accurate records regarding the Plaintiffs' and the class members' work; whether the Defendants failed to provide the Plaintiffs and the class members with complete and accurate wage statements; whether the failure of the Defendants to pay the Plaintiffs and the class members the prevailing wage and overtime pay as required by the H-2B temporary foreign labor program violated the AWPA's wage payment and working arrangement provisions; whether the Defendants' failure to pay the class members for at least 40 hours of work each week violated the AWPA's wage payment and working arrangement provisions; whether the Defendants' requirements that the Plaintiffs and some of the class members leave the deed to their land violated the AWPA; and whether the Defendants' failure to maintain complete and accurate records regarding the work of the Plaintiffs and the class members, and Defendants' failure to provide the named Plaintiffs and the class members with complete and accurate wage statements, were violations of the AWPA.

38.  The claims of the named Plaintiffs are typical of the

-10-

class, and these typical, common claims predominate over any questions affecting only individual class members. The named Plaintiffs have the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

39. Counsel for the Plaintiffs have handled numerous AWPA and FLSA actions in the federal courts. They are prepared to advance litigation costs necessary to vigorously litigate this action.

40. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, inter alia:

- The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

- Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

- There has been no litigation already commenced against the Defendants by the members of the class to determine the questions presented;

- It is desirable that the claims be heard in this forum since the Defendants have significant contacts with this District; and

- A class action can be managed without undue difficulty since the Defendants have regularly committed the violations complained of herein, and are required to maintain detailed records concerning each member of the class.

<u>COUNT I</u>

**MIGRANT AND SEASONAL AGRICULTURAL**

**WORKER PROTECTION ACT**

**(CLASS ACTION)**

41. This count sets forth a claim by the Plaintiffs and the other members of the class for money damages, declaratory relief and injunctive relief, with respect to the Defendants' violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

42. The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 39 above.

43. The certifications described in paragraph 26 above constituted a working arrangement between the Defendants and the Plaintiffs and other class members

within the meaning of the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

44.   The Defendants failed to pay the Plaintiffs and the other members of the class the proper prevailing wage for all the work they performed, and failed to pay the Plaintiffs and the other members of the class overtime wages for all compensable time they were employed in excess of forty (40) hours in a given workweek.

45.   The violation of the AWPA as set out in paragraph 44 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and the other class members so as to raise their individual pay period wages to a rate equal to or exceeding the prevailing and overtime wage.

46.     The violation of the AWPA as set out in paragraph 44 resulted in part from the Defendants' maintenance of incomplete, false and inaccurate records of the hours worked by Plaintiffs and other class members.

47.   The violation of the AWPA as set out in paragraph 44, 45 and 46 resulted in part from the Defendants' failure to reimburse the Plaintiffs and the other members of the class for expenses they incurred which were primarily for the benefit of the Defendants, as well as the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and the other class members.

48. The Defendants, who were obligated to offer full time employment to the Plaintiffs and other class members, consistently failed to pay workers for at least 40 hours of work each week.

49. By their actions as described in paragraphs 44, 45, 46, 47,and 48,  the Defendants violated without justification their working arrangement with the Plaintiffs and the other members of the class, thereby violating the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

50.    By their actions as described in paragraphs 44 45, 46, 47 and 48 the Defendants failed to pay the Plaintiffs and other members of the class their wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

51.  The Defendants knowingly provided false and misleading information to the Plaintiffs and other class members, regarding the terms and conditions of their employment, in violation of the AWPA 29 U.S.C. § 1821(f); 29 C.F.R. § 500.77.

52.  The Defendants failed to make, keep, and preserve accurate and complete records regarding the Plaintiffs' and the other class members' employment, in violation of the AWPA, 29 U.S.C. § 1821(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a).

53.   The Defendants failed to provide the Plaintiffs and the

other class members complete and accurate itemized written statements for each pay

period containing the required information, in violation of the AWPA, 29 U.S.C. §

1821(d)(2), and its attendant regulations, 29 C.F.R. § 500.80(d).

54.  By their actions as described in paragraphs 23, 24 and 25 above, the

Defendants violated without justification their working arrangement with the Plaintiffs

and the other members of the class, thereby violating the AWPA, 29 U.S.C. § 1822(c),

and its attendant regulations, 29 C.F.R. § 500.72.

55. The requirement that Plaintiffs and other class members sign over collateral

in order to obtain employment with the Defendants was an agreement that purported

to waive or modify the Plaintiffs' rights under the AWPA, in violation of 29 U.S.C. §

1856.

56.    The violations of the AWPA and its attendant regulations as set forth in

this count were the natural consequences of the conscious and deliberate actions of the

Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. §

1854(c)(1).

57.  As a result of the Defendants' violations of the AWPA

and its attendant regulations as set forth in this count, the Plaintiffs and the other

members of the class have suffered damages.

## COUNT II

## FAIR LABOR STANDARDS ACT

## (COLLECTIVE ACTION)

58. This count sets forth a claim for declaratory relief and damages for the Defendants' violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). This count is brought by the Plaintiffs on behalf of themselves and other current or former H-2B temporary foreign workers employed by the Defendants who are similarly situated.

59. The Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 32 above.

60.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs Escolastico De Leon-Granados, Isaías Profeta De Leon-Granados and Armenio Pablo-Calmo have consented in writing to be party plaintiffs in this FLSA action. Their written consents are attached to this complaint.

61. The Defendants violated 29 U.S.C. § 206(a) by failing to pay each of the Plaintiffs and others similarly situated the applicable minimum wage for every compensable hour of labor they performed.

62. The Defendants violated 29 U.S.C. § 207(a) by failing to pay the Plaintiffs and others similarly situated at an hourly rate equal to one and a half times their regular rate of pay for all compensable time they were employed in

excess of forty (40) hours in each workweek.

63.  The violations of the FLSA set out in paragraphs 59 and 60 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and others similarly situated so as to raise their individual wages each workweek to a rate equal to or exceeding the minimum and overtime wage.

64.  The violations of the FLSA set out in paragraphs 59 and 60 resulted, in part, from the Defendants' maintenance of incomplete, false and inaccurate records of the hours worked by Plaintiffs and others similarly situated.

65.  The violations of the FLSA set out in paragraphs 59 and 60 resulted, in part, from the Defendants' failure to reimburse the Plaintiffs and others similarly situated for expenses they incurred which were primarily for the benefit of the Defendants.

66.  The violations of the FLSA set out in paragraphs 59 and 60 resulted, in part, from the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and others similarly situated.

67.  The Defendants' failures to pay the Plaintiffs and others similarly situated their federally mandated minimum wages, and their federally mandated overtime wages for all time they were employed in excess of forty (40) hours in a workweek, were willful violations of the FLSA within the meaning of 29

U.S.C. § 255(a).

68. As a consequence of the Defendants' violation of the

FLSA, the Plaintiffs and others similarly situated are entitled to recover their unpaid

minimum and overtime wages, plus an additional equal amount in liquidated damages,

costs of suit, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

1. Certifying this case as a class action in accordance with Rule 23(b)(3) of the

Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

2. With respect to the claims set forth in Count II, permitting this case to

proceed as a collective action;

3. Declaring that the Defendants intentionally violated the Migrant and

Seasonal Agricultural Worker Protection Act and its attendant regulations, as set forth

in Count I;

4. Declaring that the Defendants willfully violated the minimum wage and

overtime provisions of the Fair Labor Standards Act, as set forth in Count II;

5. Granting judgment in favor of the Plaintiffs and the other class members and

against the Defendants, jointly and severally, on these Plaintiffs' and other class

members' claims under the AWPA as set forth in Count I and awarding each of the

Plaintiffs and the other class members actual or statutory damages for each violation

-18-

of the AWPA, whichever is greater;

6. Declaring the agreement that Plaintiffs and other class members leave collateral in order to obtain employment with the Defendants void under the AWPA and issuing a remedial injunction requiring the return of that collateral;

7. Permanently enjoining the Defendants from further violations of the AWPA and its attendant regulations;

8. Granting judgment in favor of the Plaintiffs and all others similarly situated and against the Defendants, jointly and severally, on their claims under the Fair Labor Standards Act as set forth in Count II and awarding each of these Plaintiffs and all other similarly situated individuals who opt-in to this action his unpaid minimum and overtime wages and an equal amount in liquidated damages;

9. Awarding the Plaintiffs the costs of this action;

10. Awarding the Plaintiffs reasonable attorneys' fees with respect to their Fair Labor Standards Act claims; and

11. Granting such further relief as is just and equitable.


Respectfully submitted this 31st day of January, 2006


____ s/ Brian Spears, Esq._____
Brian Spears

State Bar of Georgia No. 670112
1126 Ponce de Leon Avenue
Atlanta, Georgia 30306
404-872-7086
e-mail: bspears@mindspring.com

---

Mary C. Bauer
*Pro Hac Vice*
Virginia Bar Number 31388
 e-mail: mbauer@splcenter.org
Kelley M. Bruner
*Pro Hac Vice*
Alabama Bar Number ASB-8115-K74B
e-mail: kbruner@splcenter.org
Andrew Turner
*Pro Hac Vice*
Virginia Bar Number 48853
e-mail: aturner@splcenter.org
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama  36104
334-956-8200
334-956-8481 (fax)

James M. Knoepp
*Pro Hac Vice*
Virginia Bar Number 46327
e-mail: jim@justice4all.org
Virginia Justice Center for Farm and Immigrant Workers
6066 Leesburg Pike, Suite 520
Falls Church, VA  22041
703-778-3450
703-778-3454 (fax)

Tim A. Freilich
*Pro Hac Vice*

Virginia Bar Number 44077
e-mail: tim@justice4all.org
Alex R. Gulotta
Virginia Bar Number 37097
*Pro Hac Vice* Motion Pending
Legal Aid Justice Center
1000 Preston Avenue, Suite A
Charlottesville, VA  22903
434-977-0553
434-977-0558 (fax)
e-mail: alex@justice4all.org


Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed the foregoing *Plaintiffs' First Amended Complaint* with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys for the Defendants:

> J. Larry Stine, Esq.
> Ga. Bar No. 682555
> Elizabeth K. Dorminey, Esq.
> Ga. Bar No. 225935
> Wimberly, Lawson, Steckel & Schneider, P.C.
> 3400 Peachtree Rd. N.E., Suite 400
> Atlanta, GA  30326
> (404)-365-0900
> jls@wimlaw.com
> bdorminy@bellsouth.net

This 7th day of February, 2006.

## S/ BRIAN SPEARS